**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LOUIE GIANNINI,

    Plaintiff,

vs.

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA,

    Respondent;

ALICEMARIE H. STOTLER; VICTOR B. KENTON, et al., Magistrate Judge,

    Real Parties in Interest..
                                              /

No. C 07-2572 PJH (PR)

**ORDER FOR PLAINTIFF TO FILE STATEMENT**

    This case was opened when plaintiff sent a document to the court headed "Motion of Excusable Neglect[;] Notice and Motion in [sic] Request to File an Untimely Motion for a Change of Venue, Due to Physical and Menta[] Disabilities [;] Fed. R. Civ. Proc. Rule 60(b)(1)(3)." In an effort to protect plaintiff's rights it was treated as an attempt to open a new case here. As the "motion" refers to a civil rights complaint, it was classified as a civil rights case. The clerk sent plaintiff a notice that he had not been granted leave to proceed in forma pauperis nor had he paid the $350 filing fee. He was warned to do so within thirty days or the case would be dismissed. He has written a letter to the court in which he expresses some confusion about the case number and asks for an extension to time to pay so he can send the "information" (presumably the case number) to his daughter for her to pay the fee.

///

The court is concerned that plaintiff may not have intended to start a new case in this district, and so will incur expense to no purpose. The "motion" with which this case was opened is headed "United States District Court[;] Central District of California[;] Western Division," carries a case number which is not from this court (CV05-3690-AHS), and in substance is a request that a case which apparently is or was pending in the Central District be transferred to this court. A motion for a change of venue is to be filed in the district where the case is pending, in this case the Central District, not in the district to which transfer is sought. Given this, it is unclear why plaintiff sent the motion here; perhaps it was an informational copy. Because it is unclear whether plaintiff intended to start a new suit here, he will be afforded an opportunity to clarify his intentions.

Within thirty days of the date this order is entered (the date the clerk has stamped on the first page), plaintiff shall file with the court a statement either voluntarily dismissing this case or clearly saying that he wants to continue with it. He should note that this court cannot grant a motion asking that venue be transferred *to* this court, and that it is likely that venue is not proper here as to the "respondent' or the real parties in interest named in the caption. If he does not file a statement the case will be dismissed without prejudice. If he says he wishes to proceed the court will enter an order regarding the fee status and the necessity of his filing a proper complaint; in the meantime, he need not act further on the clerk's notice regarding the fee.

.

**IT IS SO ORDERED.**

Dated: June 26, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\GIANNINI572.ORD