UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LOUIE GIANNINI,

      Plaintiff,

  vs.

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA,

      Respondent;

ALICEMARIE H. STOTLER; VICTOR B. KENTON, et al., Magistrate Judge,

      Real Parties in Interest.
                                      /

No. C 07-2572 PJH (PR)

**ORDER OF DISMISSAL**

      This case was opened when plaintiff sent a document to the court headed "Motion of Excusable Neglect[;] Notice and Motion in [sic] Request to File an Untimely Motion for a Change of Venue, Due to Physical and Menta[] Disabilities [;] Fed. R. Civ. Proc. Rule 60(b)(1)(3)." In an effort to protect plaintiff's rights it was treated as an attempt to open a new case here. As the "motion" refers to a civil rights complaint, it was classified as a civil rights case. The clerk sent plaintiff a notice that he had not been granted leave to proceed in forma pauperis nor had he paid the $350 filing fee. He was warned to do so within thirty days or the case would be dismissed. He wrote a letter to the court in which he expressed some confusion about the case number and asked for an extension to time to pay so he could send the "information" (presumably the case number) to his daughter for her to pay the fee. The fee has now been paid.

      The "motion" with which this case was opened was headed "United States District

Court[;] Central District of California[;] Western Division," carried a case number which was not from this court (CV05-3690-AHS), and in substance was a request that a case which apparently is or was pending in the Central District be transferred to this court. Concerned that plaintiff might not have intended to start a new case in this district, the court ordered plaintiff to file with the court a statement either voluntarily dismissing this case or clearly saying that he wanted to continue with it. He was warned that this court cannot grant a motion asking that venue be transferred *to* this court, and that venue probably is not proper here as to the "respondent' or the real parties in interest named in the caption.

Plaintiff has filed a statement in which he says that his mail sent to the Cental District is returned with the notation on the envelope "case terminated." He asserts that because of "prejudice and mistakes" by the Central District he needs to file here. He is incorrect. His remedy is to appeal from the decision in his Central District case to the United States Court of Appeals for the Ninth Circuit, and if the Central District will not accept his notice of appeal, to apply for a writ of mandamus from the court of appeals. His remedy is not to attempt to sue the Central District and its judges in this district, a district which has nothing to do with his case.

This case is **DISMISSED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 31, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\GIANNINI572.DSM.wpd

2